### In re HUTSON.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

**1. ATTORNEY AND CLIENT—DISBARMENT—PROFESSIONAL MISCONDUCT.**

While it is improper for an attorney to send communications to persons, against whom he has claims to collect, in such form as to indicate that an action has been commenced or that legal proceedings are pending to collect the claim, and though such course, if persisted in, would require discipline, where the practice has been discontinued and several years have elapsed since the objectionable communications were sent, disbarment is not warranted.

**2. SAME—LIABILITY OF ATTORNEY—METHODS OF COLLECTING AGENCY USING HIS NAME.**

The fact that notices from a collecting agency are sent out under the name of an attorney, with his knowledge, makes the attorney responsible for the methods adopted by the association.

Application to disbar Frank A. Hutson, an attorney. Dismissed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Guy Van Amringe, for petitioner.
Nicoll, Anable & Lindsay, for respondent.

PER CURIAM. We think the form of some of the communications sent by the respondent were quite improper, as indicating that action or legal proceedings had been instituted to collect a debt; but they seem to have been sent several years ago, none of them later than 1902, and so far as appears the respondent has ceased to adopt such methods since that time. The letter to the Union Club does not seem to have been written directly by the respondent, and his only connection with it seems to be that he was at that time the attorney for this association by whom it was issued; it being sent in his name. We consider that it is quite improper for an attorney to send communications to persons against whom he has claims to collect in such a form as to lead to the impression that an action has been commenced or that legal proceedings are pending to collect the claim, and if such course is adopted and persisted in by an attorney it would require discipline; but considering the time that has elapsed since these objectionable communications were sent, and that the methods at first adopted seem to have been discontinued, we do not think we would be justified in disciplining this respondent, expressing, however, our disapproval of the methods adopted.

The fact that notices from a collecting agency are sent out under the name of an attorney with his knowledge makes the attorney responsible for the methods adopted by the association. We strongly disapprove of the adoption by an attorney of such methods as are disclosed in this record, and shall deem it a proper matter for discipline, if it should appear that such methods are adopted, either by an attorney, or under his name by an association that he authorizes to use his name.

With this statement, these proceedings will be dismissed.