(169 App. Div. 638)

In re NEUMAN.

(Supreme Court, Appellate Division, First Department. November 5, 1915.)

1. ATTORNEY AND CLIENT ⬤⟿38—DISBARMENT—CONDUCT OF ATTORNEY—AD-VERTISING TO PROCURE DIVORCE—"MATRIMONIAL ACTIONS"—MEANING.

An advertisement inserted in a newspaper by an attorney, wherein was the statement "Matrimonial Actions a Specialty," is a violation of Penal Law (Consol. Laws, c. 40) § 120, declaring advertising to procure divorces a misdemeanor, since, in common parlance, the words "matrimonial actions" mean actions for divorce.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 51, 61; Dec. Dig. ⬤⟿38.]

2. ATTORNEY AND CLIENT ⬤⟿58—PROFESSIONAL ADVERTISING—PROCURING DI-VORCE—PENALTY.

Where, in an application for action upon charges against an attorney for professional misconduct upon the report of the official referee, it appeared that a cunningly phrased advertisement, intended to violate in spirit and effect a penal statutory provision against advertising to procure divorces, was inserted in a newspaper by an attorney, a practice which has been recognized as unethical by the twenty-seventh canon of the Code of Ethics adopted by the New York State Bar Association against advertising by the profession, he will be suspended from practice for one year, with leave to apply for reinstatement at the end of that time.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 76–78; Dec. Dig. ⬤⟿58.]

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Proceeding by the Association of the Bar of the City of New York against Samuel E. Neuman, an attorney, for professional misconduct. Finding of guilty, and order of suspension from practice for one year.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, CLARKE, and SCOTT, JJ.

Einar Chrystie, of New York City (Harry Crone, of New York City, of counsel), for petitioner.

Charles L. Craig, of New York City, for respondent.

PER CURIAM. The charges against this attorney, who was admitted to the bar in October, 1911, are presented by the Association of the Bar of the City of New York. As formulated in the petition the principal charge is that:

"In December, 1913, the respondent, in violation of section 120 of the Penal Law, inserted an advertisement in the program of the Negro Civic League Banquet held December 19, 1913, reading as follows: 'Telephone 5806 Barclay. Residence Phone 5372 Harlem. Large accident, matrimonial and criminal actions a specialty. All matters strictly confidential. Samuel E. Newman, Lawyer, 281 Broadway, New York. A white lawyer who is a colored man's friend. Indorsed by leaders of the community. Has estimable record in all courts.'"

It was also charged that the respondent had previously placed the same or a similar advertisement in the Amsterdam News, a weekly paper published in the city of New York and devoted to the interests of the colored race. The repeated publication of an advertisement in the Amsterdam News was admitted, and copies of the advertisement were received in evidence. This advertisement read as follows:

"Samuel E. Newman,

"A white lawyer who is a colored man's friend. Indorsed by leaders of the community.

"261 Broadway.

"Accident, criminal and matrimonial actions a specialty.
"Suite 609. Tel. 5806 Barclay.
"Residence 2094 Fifth Avenue (near 129th St.). Res. tel. 5372 Harlem."

It appeared quite clearly that the use of the word "large" in the program was due to a printer's error. The copy or dummy from which that program was printed contained the word, preceding the words "accident, matrimonial and criminal actions," but was intended merely as a direction as to the size of type to be used.

Much evidence was taken as to whether or not the publication of the advertisement in the program of the Negro Civic League Banquet was by the procurement and consent of the respondent. Upon this question the official referee does not express an opinion, unless one may be inferred from the fact that in his report he accepts the statements of respondent that the advertisement was inserted without his knowledge and ignores the evidence of all the other witnesses to the contrary.

[1] A careful reading of the evidence inclines us to a different opinion, but the determination of that question is unimportant, in the face

of the admitted insertion by the respondent of a similar advertisement in the Amsterdam News. What we have to determine is whether or not such insertion constituted professional misconduct. The petitioner charges, and now insists, that the publication of this advertisement was a violation of section 120 of the Penal Law, which reads as follows:

"Section 120. *Advertising to procure divorces.* Whoever prints, publishes, distributes or circulates, or causes to be printed, published, distributed or circulated any circular, pamphlet, card, hand bill, advertisement, printed paper, book, newspaper or notice of any kind offering to procure or to aid in procuring any divorce or the severance, dissolution, or annulment of any marriage, * * * either in this state or elsewhere, is guilty of a misdemeanor. This section shall not apply to the printing or publishing of any notice or advertisement required or authorized by any law of this state."

The first question to be considered is whether or not the respondent's advertisement that he made a specialty of matrimonial actions was a violation of this statute. We think it was. It is true that he did not offer, in precise terms, "to procure or to aid in procuring" divorces, or the severance, dissolution, or annulment of marriages; but such is, as we think, the clear purport of his reference to "matrimonial actions." In common parlance, and in the minds of such persons as were designed to be reached by such an advertisement, "matrimonial actions" mean actions for a divorce or separation, and when a lawyer advertises that he makes a specialty of such actions, what would be conveyed to the ordinary reader, and what was undoubtedly intended to be conveyed, was that he made a specialty of divorce and separation actions, and offered his services to institute such actions. Section 120 of the Penal Law was enacted to meet an abuse that had become a scandal, and we are unwilling to hold that it may be evaded by avoiding the use of the particular words used in framing the section, while using words which are intended to and inevitably must convey the same meaning.

[2] But even if we should be of the opinion expressed by the official referee that the publication of the advertisement in question did not amount to a crime under section 120 of the Penal Law, still the respondent in publishing that advertisement was guilty of professional misconduct which cannot be allowed to pass unnoticed. "The admission of attorneys and counselors at law to practice, the censure, suspension from practice, and removal from office, depend, not upon the commission of a crime, but upon the character of the applicant for admission and the method in which the attorney and counselor at law has performed his duties after his admission." Per Ingraham, P. J., in Matter of Rouss, 162 App. Div. 496, 503, 147 N. Y. Supp. 713, 718.

For a lawyer to advertise for business has long been recognized by the profession at large as grossly undignified and improper, and has been distinctly condemned by the twenty-seventh canon of the Code of Ethics adopted generally by the Bar Associations of this country, and specifically adopted by the New York State Bar Association on January 28, 1909. While this Code has never been incorporated into our statutes, it has been so far recognized by the Supreme Court that a general rule of practice requires that a copy of the Code shall be

furnished to each lawyer upon his admission to the bar.. Not only has the respondent repeatedly violated' this rule of ethics, but he has undertaken so cunningly to phrase his advertisement as to violate in spirit and in effect, if not in words, a distinct statutory provision adopted to meet an acknowledged evil.

We are unwilling. to lend our countenance to the violation by indirection of so laudable a statute as that which the respondent sought to evade. He is accordingly found guilty of the charges preferred against him, and is suspended from practice for one year, with leave to apply at the expiration of that period for reinstatement, upon showing compliance with the conditions to be recited in the order to be entered hereon.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.