In the Matter of ADOLPH M. SCHWARZ, an Attorney, Respondent.

First Department, December 1, 1916.

**Attorney at law censured — advertising legal business.**

An attorney at law severely censured for unprofessional conduct in extravagantly advertising his business of making commercial collections contrary to the spirit of canon 27 of the Code of Ethics. The court determines to take no further action if the defendant refrains from further use of such unprofessional methods.

SCOTT, J., dissented and voted for disbarment.

DISCIPLINARY PROCEEDINGS instituted against an attorney by the New York County Lawyers Association.

*Charles A. Decker,* attorney [*George R. Adams* of counsel], for the petitioner.

*Joseph H. Herzberh,* attorney [*Louis F. Pere* and *Joseph Walker Magrauth* of counsel], for the respondent.

CLARKE, P. J.:

This matter was submitted upon the petition, answer, exhibits and briefs. The petition charges that the respondent has been guilty of malpractice and unprofessional conduct as an attorney and counselor at law, in the following particulars:

A. By the sending of circulars or letters to creditors in a pending judicial proceeding, soliciting them to place with him as attorney their claims for collection in said proceedings, and, specifically, the mailing or causing to be mailed on or about February 23, 1916, a circular letter, a copy of which was annexed. Said letter is as follows:

"Re Receivership of Cincinnati, Bluffton and Chicago R. R. Co. Running from Portland to Huntington, Ind.

"I am working in conjunction with my Huntington, Indiana, corresponding attorneys who control a large number of the creditors in the above estate running into hundreds of thousands of dollars.

"The matter is about to shape itself satisfactorily and if

First Department, December, 1916. [Vol. 175.

your claim is not already represented or filed for allowance and payment, will you not be good enough to get it up in itemized form and send it to me on a 10% purely contingent basis or on terms contained in the within folder. No collection, no charge.

"In any event, as I am quite anxious to hear from you in one form or another, I shall be pleased if you will drop me a few lines enclosing the account or informing me that you have already placed the same, letting me have the name of the party who is representing you."

B. In mailing or causing to be mailed circulars requesting and offering to handle matters or claims in behalf of persons not then clients of his, and inciting and urging persons to place matters in his hands for the purpose of collection by suit or other professional service.

C. Inspiring and promoting and printing and widely circulating, in circulars and public prints, advertisements of himself and his methods, to the end and with the purpose and intent of procuring parties unknown to him to employ him as attorney at law.

D. Said attorney has transgressed canon 27 of the Code of Ethics of the American Bar Association, adopted by the New York State Bar Association, as follows:

"27. Advertising, Direct or Indirect. The most worthy and effective advertisement possible, even for a young lawyer, and especially with his brother lawyers, is the establishment of a well-merited reputation for professional capacity and fidelity to trust. This cannot be forced, but must be the outcome of character and conduct. The publication or circulation of ordinary simple business cards, being a matter of personal taste or local custom, and sometimes of convenience, is not per se improper. But solicitation of business by circulars or advertisements, or by personal communications or interviews, not warranted by professional relations, is unprofessional. It is equally unprofessional to procure business by indirection through touters of any kind, whether allied real estate firms or trust companies advertising to secure the drawing of deeds or wills or offering retainers in exchange for executorships or trusteeships to be influenced by the lawyer. Indirect advertisement for business by furnishing or inspiring

newspaper comments concerning causes in which the lawyer has been or is engaged or concerning the matter of their conduct, the magnitude of the interest involved, the importance of the lawyer's positions, and all other self-like laudation, defy the traditions and lower the tone of our high calling, and are intolerable."

Among the exhibits submitted in support of the charges are the following:

A typical letter addressed to a. business house in New York city is as follows:   On stationery headed:

" ADOLPH M. SCHWARZ
" Attorney and Counsellor at Law
" Commercial Collections Everywhere.

" GENTLEMEN. — Everywhere you go you hear that ' collections are slow; ' that ' business is poor; ' that ' thousands are out of work; ' that ' families are starving; ' that ' on account of the war, conditions are bad; ' and that ' the people are not so free with their money as they used to be.'

" Business is not bad.   Collections are not poor, except you make them so.   The country is just as busy as ever, eliminating the idle and the dead.   New industrial enterprises and all sorts of mercantile ventures, enlisting millions of capital, spring daily into existence, with as much courage and enthusiasm and with as much earnestness and sincerity of purpose now as before the war.   Fortunately for America, the Nation as a whole has been taught by this chronic and pessimistic war scare to be more conservative and less extravagant; more cautious and less reckless with their own and other people's money.   The people have become more sensible in their mode of living and by the exercise of such thrift, economy and foresight, they are not only making money but are laying it aside for fear that the unfounded, though plausible, rumors may still become true.

" Therefore, this is the most opportune moment to pull in your long-past-due accounts.   Several months extension on a thirty or sixty day past due account is ample.   The easier you are with a debtor, the more time he wants.   That is human nature.   Undeserved kindness begets imposition.   Imposition

creates a burden.   You owe it to yourself and to your business to unload such burden by sending your delinquent accounts to any of my offices nearest the debtor.   They will get the money for you with or without suit, without any delay.   No suit brought without your authority and then not unless the debtor is good on execution.   Don't wait until ' it's too late' or until a more vigilant creditor gets in ahead of you.

" My New York, Chicago, Boston, Detroit and Atlanta offices maintain a staff of able attorneys and experienced counsel, thus enabling each office to at all times efficiently take care of and ably prosecute any law matters entrusted to its care, no matter how complicated, intricate or difficult the subject matter may be or where the contentious parties may reside."

A typical advertisement in a daily newspaper is as follows:

" Daily Incidents — No. 3.

" On the 21st a client 'phoned a $633.00 Atlanta claim.   My Atlanta office was immediately wired to protect claim and collect.   The next afternoon this wire was received: Have collected $200.00.   Balance guaranteed by $1000.00 worth of current accounts assigned to me by debtor.

" This is the ' Quality Service' which I offer you.

" ADOLPH M. SCHWARZ,

" *Attorney and Counsellor at Law.*"

" Commercial Collections Everywhere.

" 299 Broadway, New York

" Other Offices

" Cleveland                 Boston
" Leader Bldg.         Kimball Bldg.
" Detroit                   Atlanta
" Dime Bank Bldg.      618–22 Hart Bldg.
" Chicago
" First National Bank Bldg."

Another advertisement is as follows:

" Daily Incidents — No. 2

" My Cleveland office received the following letter of the 16th:

" ' We wish to acknowledge receipt of your check for $31.72 in payment of an account that has been standing on our books

for the past three years without result. We are greatly surprised that the account placed in your hands four days ago, has already been collected by you, and we assure you that we will be pleased to place further claims in your hands.'

" This is the ' Quality Service ' which I offer you."

From a letter upon his office stationery addressed to a business house the following is an extract:

" With efficiently managed offices in New York, Chicago, Boston, Buffalo, Cleveland, Detroit and Atlanta, together with my own carefully selected list of legal representatives in all other cities and towns, I am enabled to get in immediate touch with debtors and effect quick collections and make prompt returns. * * * From an insignificantly small room, some fifteen years ago, I have developed an organization, national in its scope, requiring over twelve thousand square feet and the employment of over one hundred people; handling daily over thirty thousand claims and representing over seven thousand active clients and collecting over two million dollars a year.

" Today more than ever before, efficiency and results are in constant demand by the American commercial, industrial and financial interests. * * * It is gratifying to know that any matters entrusted to my care here or forwarded to any of my offices above indicated will immediately upon their receipt, have the necessary intelligent, and efficient attention, from inception to their final consummation, resulting in your receiving prompt returns in a surprisingly short time. Folder containing rates and a description of my collection methods prevailing in all my offices herewith respectfully submitted."

The printed folder is headed:

" Reasons for Schwarz superiority and advantages gained in placing your local and out-of-town collections and all other legal matters with his New York, Chicago, Boston, Detroit and Atlanta Offices."

And then follow a number of self-laudatory statements and the schedule of rates. There are also submitted one-half page inspired laudatory newspaper articles; one-half page con-

First Department, December, 1916.      [Vol. 175.

spicuous and striking advertisements, and letters soliciting employment, as:

"In re: ——

"You are scheduled in the amount of $—— and if you are not already represented, please send me your claim at once, so that I may in turn send you a Proof of Claim and Power of Attorney for execution. * * * Booklet showing rates and a description of my collection methods enclosed."

Respondent issued a book of blank drafts containing on the cover the following:

"A Schwarz Draft                Hastens Payment
"Three Pointers How to Use Schwarz Drafts.

"1. Draw on debtor for the correct amount of your claim with itemized statement attached, giving street and number. Make draft payable to bank where debtor resides, or to the town nearest the debtor, where there is no bank in debtor's town, endorsing your name in blank or to the order of the bank drawn through.

"2. Write the bank enclosing the draft, requesting them to make immediate presentment, and if paid, to remit the proceeds to you, less the usual bank exchange; but if not paid, to forward the unpaid draft with a statement of the account attached 'to our Attorney, Adolph M. Schwarz, Barclay Building, New York City, in the enclosed self-addressed stamped envelope.'

"3. At the same time write a forcible letter to the debtor informing him that you have drawn on him through the bank (giving name of the bank), with instructions to the bank that if not paid the same will be protested and forwarded to your Collection Attorney, Adolph M. Schwarz of New York City.

"Observation

"Should the draft not be paid when presented or within a few days thereafter, and I receive the same from the bank with all papers or statement attached, I at once notify you of such unpaid draft and place myself in communication with the debtor either by wire, special delivery or through the medium of my own specially selected and reliable corresponding attorneys, depending upon the amount of the claim and the location

of the debtor. And ever thereafter I continue keeping after the debtor until you or I Get the Money.

"No suit is brought or legal action taken or any expense incurred without first obtaining your written consent and, when given verbally, confirmed by mail.

"The judicious use of a Schwarz Draft hastens the payment of a long past due account. Its use also has a very strong tendency to cure the incipient stages of delinquency on the part of a chronically inclined debtor.

"No charge whatever is made for the use of the Schwarz Drafts. They come in booklet form of ten each. Any number of draft booklets are furnished promptly upon request."

The drafts are in the following form:

"ADOLPH M. SCHWARZ
"Attorney and Counsellor at Law
"Commercial Collections Everywhere.
"New York    Chicago    Boston    Detroit    Atlanta
"At —— sight, pay to the order of —— &c."

Upon their face is in red ink:

"Important Instructions to
—— Bank

"If this draft is not paid when due, please forward same, with all papers attached to Adolph M. Schwarz, Attorney, 299 Broadway, New York."

In his answer the respondent states that he is an attorney and counselor at law, duly admitted to practice in the State of New York, and in addition thereto that he has been duly admitted to practice in the States of California, Michigan, Ohio, Massachusetts and Georgia, and the Supreme Court of the United States. That he maintains offices in the cities of New York, Chicago, Boston, Detroit, Cleveland, Atlanta and Pittsburgh. That in the practice of his profession he has made a specialty in the collection of delinquent accounts through the various States and territories of the United States, and has offices in the various cities hereinbefore mentioned in his own name and not in any fictitious or corporate guise.

He admits sending the letter marked Exhibit 15 to various

creditors of the Cincinnati, Bluffton and Chicago Railroad Company. And he admits sending the literature and inserting the advertisements set forth, and he denies that he violated or transgressed canon 27 of the Code of Ethics in spirit or intent, knowingly or willfully, and claims that his method of conducting business does not lower the tone of the legal profession but, on the contrary, his dealings as an attorney and counselor at law with the general public and with his clientele has been and is at all times open to the closest scrutiny of the bench and bar, both as to his methods and his own dealings with clients in which all matters are conducted in his office strictly in observance of the ethics of the profession.

It is impossible to reproduce in a written opinion the visual effect of the letters, circulars, folders, articles and advertisements submitted for our inspection and of necessity imperfectly set forth herein. They are typical of modern advertising business methods and would be appropriate to the exploitation of patent medicines or other proprietary articles, but are utterly abhorrent to professional notions or standards. Unless the ancient and honorable profession of the law, whose practitioners are officers of the court of the highest fiduciary character, under obligations of service to the State, to the community and to the court, is to be degraded to the rank of a quack medicine business enterprise, the advertising and business solicitation methods here under review must be emphatically and absolutely condemned. There can be no doubt of the point at issue, for the brief presented on behalf of the respondent contains the following:

" It is respectfully submitted that in order to do full justice to the respondent in this case, the court must consider the peculiar character of his business. The word ' business ' is used advisedly for the reason that the respondent's activities are more along business than along professional lines. His work is the collection of commercial claims without any legal proceedings, if that be possible. He resorts to legal proceedings only when other means of obtaining payment have been exhausted without success, and only when specifically directed to do so.

" All the exhibits show that commercial collections, rather

than litigation, are the main work of the respondent. For example, in Exhibits 3, 5, 8, 15, 16, 17 and 18, the letter-head of the respondent bears the words 'Commercial Collections Everywhere' in type at least twice as large as the words 'Attorney and Counsellor at Law.'"

It is precisely because of the "business" emphasis which the respondent attaches to his professional title of attorney and counselor at law that his methods and practices are so offensive. We call attention to the following extract from Exhibit 19:

"REASONS COMMANDING ATTENTION. *Because* of the prominent position I occupy in the commercial world for being the most successful Commercial Collections Attorney; *Because* of the effective collection facilities I have for the handling of a large volume of collections and litigated matters in my old established New York, Chicago, Boston and Detroit offices, in charge of experienced collection managers, able counsel and capable assistants in every branch of my business; *Because* of the unusual prompt service my various offices receive from our specially selected and reliable corresponding attorneys in all other cities; *Because* of my twelve years of active practice and diversified experience gained by reason of my representing houses prominent in all lines of business, manufacture and trades; *Because* of my Gibraltar-like organization and unique system of *Quick Action, Frequent Reports and Prompt Remittances; Because* of all these towering result-producing factors, I am in position to give the clients of my New York, Chicago, Boston and Detroit Offices quicker service and prompter returns at less expense and delay than is possible of obtaining from any individual or combination of sources."

The foregoing reads like the advance bills of the late P. T. Barnum in heralding the approach of the Greatest Show on Earth.

Respondent says the case is entirely without precedent. If so, it must be because no member of the bar up to this time has ever perpetrated so flagrant a professional offense. In *Matter of Neuman* (169 App. Div. 638) disciplinary proceedings were instituted against an attorney upon advertisements inserted by him in the public prints. The question was con-

sidered whether the advertisements in question violated section 120 of the Penal Law in regard to advertising to procure divorces, but this court said: "But even if we should be of the opinion expressed by the official referee that the publication of the advertisement in question did not amount to a crime under section 120 of the Penal Law, still the respondent in publishing that advertisement was guilty of professional misconduct which cannot be allowed to pass unnoticed. * * * For a lawyer to advertise for business has long been recognized by the profession at large as grossly undignified and improper, and has been distinctly condemned by the 27th canon of the Code of Ethics adopted generally by the bar associations of this country, and specifically adopted by the New York State Bar Association on January 28, 1909. While this Code has never been incorporated into our statutes, it has been so far recognized by the Supreme Court that it is now required that a copy of the Code shall be furnished to each lawyer upon his admission to the bar. Not only has the respondent repeatedly violated this rule of ethics, but he has undertaken so cunningly to phrase his advertisement as to violate in spirit and in effect, if not in words, a distinct statutory provision adopted to meet an acknowledged evil."

The court has no disciplinary supervision of business enterprises. It has jurisdiction over its own officers and is authorized to discipline any attorney who is guilty of professional misconduct. We are of the opinion that by using the methods, letters, circulars and advertisements here under consideration the respondent is guilty of professional misconduct. If respondent wishes to retain and carry on the business which he claims is so valuable to him, he may do so outside of the profession whose standards and rules of conduct he has violated; he cannot remain a member of the bar of this State and, while such member, indulge in such practices.

In view of the representations of respondent that " he does not desire to violate either in the letter or in the spirit — either really or seemingly — canon 27 or any other canon of the Code of Ethics," and that "if this court * * * shall deem that the facts of his being an attorney at law * * * make it improper that he shall advertise his collection business, respond-

ent will cheerfully accept and faithfully abide by the rule of guidance thus laid down," we are of the opinion that the proper disposition of this proceeding is to express our emphatic disapproval of the advertising and soliciting methods of respondent and severely censure him therefor. Upon his refraining from further use of such methods no further action will be taken.

Respondent and the bar generally are warned that such conduct is not to be tolerated, and repetition thereof will lead to disbarment.

McLAUGHLIN, DOWLING and SMITH, JJ., concurred; SCOTT, J., dissented from the censure and voted for disbarment.

SCOTT, J. (dissenting):

I fully agree that the respondent should be disciplined, but I am not content to concur in a mere censure. If the respondent's practices are reprehensible, the case is so flagrant that nothing short of disbarment seems to me to be adequate.

Respondent censured.   Order to be settled on notice.