In the Matter of ALBERT W. GRAY, an Attorney, Respondent.

First Department, November 22, 1918.

**Attorney-at-law censured — writing of personal letters soliciting legal business in violation of canon 27 of the Code of Ethics.**

Attorney-at-law censured for addressing personal letters to business men soliciting their claims for collection or other legal business and in persistently engaging in the practice of addressing " follow-up " communications to the same parties soliciting legal business in violation of canon 27 of the Code of Ethics, which provides in part as follows: " But solicitation of business by circulars or advertisement, or by personal communications or interviews, not warranted by professional relations, is unprofessional."

DISCIPLINARY proceedings instituted by the New York County Lawyers Association.

*Charles A. Decker*, for the petitioner.

*Albert W. Gray*, respondent, in person.

CLARKE, P. J.:

The respondent was admitted to practice by the Appellate Division of the Supreme Court for the First Judicial Department in November, 1906, and has been and is still practicing in said department.

The petition charges that the respondent has been guilty of

malpractice and unprofessional conduct as an attorney and counselor at law in persistently engaging since at least the 20th day of February, 1915, in the practice, not warranted by personal relations, of addressing to business men of New York city a great number of letters, soliciting their claims for collection or other legal business in violation of the ruling of this court and of canon 27 of the Code of Ethics of the American Bar Association duly adopted by the New York State Bar Association and in persistently engaging in the practice of addressing " follow-up " communications to the same addressee soliciting legal business and thereby commercializing and debasing an honorable profession and his office as an attorney and counselor at law.

To the petition are attached eleven typewritten letters addressed to members of various business firms in the city of New York, upon stationery bearing the engraved title, " Albert Woodruff Gray, Counsellor at Law, 78 Wall Street, New York," among which are the following:

" DEAR SIR.— Two or three times in the past I have written asking for any legal business that you would entrust to me. It is not my intention to have you consider my letters as merely the advertisement for a collection agency, and I certainly hope that you will find it possible to turn over a part of your work. It makes no difference whatever whether your work is collections or not, nor does it matter how small the amount of your collections are. I merely want to convince you of my ability and fitness to take care of your work, and make good the offer contained in my other letters."

A number of letters in this form were addressed to different business men. Other letters were as follows:

" DEAR SIR.— Several times in the past I have written you with the request for some of your legal work. It is not my intention to become an annoyance to you, but on the other hand it certainly will cause no loss to your interests and may possibly be of some advantage to try me out on some work. Anything that I can do to secure some of your business I will be more than glad to do, and hope that you will understand the spirit in which this letter is sent."

" DEAR SIR.— A few weeks ago I wrote your firm asking for any legal business that it might be possible for you to give me.

First Department, November, 1918. [Vol. 184.

I also stated in that letter that I would be glad to supply any information regarding myself that you desired, and give such references as would be sufficient to convince you of the good faith of my request. I hope that it is not impossible at the present time for you to give me a trial on some work, and feel confident that you would have no reason to regret the favor."

To this letter the addressee answered:

" Replying to your esteemed favor of the 20th inst., addressed to the writer, we beg to state that we are not in a position to entertain your proposition, for the simple reason that our legal services are being performed by a firm of counsel who are engaged by us on the basis of a yearly retainer."

Whereupon the respondent answered:

" Your favor of the 24th instant is received in reply to my letter asking for any legal work you might be willing to give me. I thank you very much for your consideration of my request, and have been trying to devise some way acceptable to you by which I might receive at least a portion of your work. Could you not do this — let me have a portion of some of your small collections, if necessary accounts that have been returned to you as worthless. It certainly will do no harm, and I will be more than glad of the opportunity of keeping my name before you. Any information that you desire regarding myself I shall be more than glad to give you, or to do anything in my power to obtain the opportunity asked for above."

This is another sample:

" From the view point of a lawyer with an old and established practice, this letter may seem wrong and out of place. Nevertheless, I am writing you in the hope that you will give my request your attention, simply as a request for your legal business and not in any way as the advertisement of a collection agency. It can do you no harm to give me a trial on some work if you have no regular attorney, and if you have an attorney, it would undoubtedly make little or no difference to him if your smaller business was given to me. If you will kindly consider my request, I will gladly give you the names of some business acquaintances who will assure you of my honesty. As for my ability, you can determine that only

by the results I obtain on the work I hope you will entrust to me."

This letter was followed up by one to the same addressee:

" A few weeks ago I wrote your firm asking for any legal business that it might be possible for you to give me. I also stated in that letter that I would be glad to supply any information regarding myself that you desired, and give such references as would be sufficient to convince you of the good faith of my request. I hope that it is not impossible at the present time for you to give me a trial on some work, and feel confident that you would have no reason to regret the favor."

Another instance is as follows:

" To you this letter may seem a repetition too often made, of my request for some of your legal work. Nevertheless, I hope that you will file my name for future reference and let me know when you have some work for me. If any information regarding myself will give me the opportunity of serving you immediately, please be assured that it will be furnished as willingly as any of your business, no matter how small, will be received."

Another is as follows:

" Several times in the past I have indicated to you by letter that I would appreciate your legal business, either in full or in part. I have taken this step as a matter of a principle which embraces the belief that the professional man who is properly equipped with education and experience to render another man efficient service, and get the results which that man wants — has a right to tell him so, and ask for an opportunity to prove his ability to be of value to him. With this in mind, I am asking the chance to do some work for you and shall be quite satisfied if you will entrust to me some small or knotty business as a starter, feeling confident that same will prove the foundation for a larger future in your legal service."

To the petition the respondent has interposed an answer in which he admits that the exhibits set forth in the petition are true copies of the letters sent by respondent, but denies that the practice of respondent has been improper and alleges that in none of the statutes or decisions has respondent been able to find any prohibition of the line of conduct of which

complaint is herein made. " It stands without peradventure that should such a course of conduct as has been adopted by respondent be deemed wrong by this Court or by any other Tribunal having the right to pass judgment thereon, that such a course of conduct should and will be forthwith and immediately abandoned."

Wherefore he asks that the petition be dismissed or respondent be advised in what particulars, if any, he may have inadvertently offended the principles or mandates of this court.

The facts charged being fully and frankly admitted by the respondent there is no necessity for a reference.

The Code of Ethics of the American Bar Association was specifically adopted by the New York State Bar Association on January 28, 1909.

In *Matter of Neuman* (169 App. Div. 638) this court said: " While this Code has never been incorporated into our statutes, it has been so far recognized by the Supreme Court that it is now required that a copy of the Code shall be furnished to each lawyer upon his admission to the bar."

The 27th canon of said Code provides: "Advertising, Direct or Indirect. — The most worthy and effective advertisement possible, even for a young lawyer, and especially with his brother lawyers, is the establishment of a well-merited reputation for professional capacity and fidelity to trust. This cannot be forced, but must be the outcome of character and conduct. The publication or circulation of ordinary simple business cards, being a matter of personal taste or local custom, and sometimes of convenience, is not *per se* improper. But solicitation of business by circulars or advertisements, or by personal communications or interviews, not warranted by professional relations, is unprofessional. It is equally unprofessional to procure business by indirection through touters of any kind, whether allied real estate firms or trust companies advertising to secure the drawing of deeds or wills or offering retainers in exchange for executorships or trusteeships to be influenced by the lawyer. Indirect advertisement for business by furnishing or inspiring newspaper comments concerning causes in which the lawyer has been or is engaged, or concerning the manner of their conduct,

the magnitude of the interests involved, the importance of the lawyer's positions, and all other like self-laudation, defy the traditions and lower the tone of our high calling, and are intolerable."

In *Matter of Neuman* (*supra*) we said: "For a lawyer to advertise for business has long been recognized by the profession at large as grossly undignified and improper, and has been distinctly condemned by the 27th canon of the Code of Ethics." And in *Matter of Schwarz* (175 App. Div. 335) we severely censured an attorney for unprofessional conduct in advertising his business contrary to the spirit of said canon.

The respondent seeks to differentiate between the advertisements printed in the newspapers under consideration in *Matter of Neuman* and the letters, circulars, folders, articles and advertisements under consideration in *Matter of Schwarz* upon the ground that the matters here complained of were not printed circulars or inserted advertisements but were personal, typewritten letters. The medium of communication seems of little importance. The series of exhibits attached to the petition while typewritten upon respondent's office paper and bearing his written signature pertain to the character of circulars in their general similarity of expression and subject-matter. He also seems to have adopted the familiar modern device of advertising known as the "follow-up" which consists of a series of letters to the same person upon the theory that consecutive blows upon a weak spot will finally compel it to give way, perhaps derived from the Biblical incident of the widow who prevailed with the unjust judge because of her much importunity. The canon expressly says: "But solicitation of business by circulars or advertisements, or by personal communications or interviews, not warranted by professional relations, is unprofessional." It is conceded that the respondent had no professional relations with his correspondents but was attempting to institute such relations, and attempting to procure for himself legal business which was already in the hands of other attorneys, and, even when informed by certain of his correspondents that such legal relations were already in existence, persisted in soliciting a share therein. Business men receiving a succession of such communications would be likely to form a very unjust estimate

First Department, November, 1918.            [Vol. 184.

of the profession at large and conclude that the law was not, as consistently maintained, a learned *profession*, but had deteriorated into a mere *business*, where the most persistent and adroit self-advertiser would be the most successful, a point of view repugnant to the conception of every honorable practitioner, condemned by the bar and bench alike.

It appears from the papers submitted that the committee on discipline of the petitioner called the attention of the respondent to the complaints which it had received from business men; that it was of the opinion that his letters came within the purview of the canon and respectfully requested him to discontinue his practice and further invited him to appear before it; that he justified to it his conduct and declined to avail himself of the opportunity to appear. Before this court he justifies his conduct but states his willingness to conform to its decision.

The court has heretofore emphatically expressed, in the two cases hereinbefore cited, its opinion that the 27th canon of the Code of Ethics correctly states the rule applicable and its settled purpose to maintain the honor and dignity of the law as an honorable profession.

It is of the opinion that such conduct as that complained of tends to degrade it and should not be tolerated. As we said in *Matter of Schwarz:* "The court has no disciplinary supervision of business enterprises. It has jurisdiction over its own officers and is authorized to discipline any attorney who is guilty of professional misconduct."

It follows, therefore, that the respondent should be censured and advised that this court regards his methods of obtaining business violative of the standards and rules of conduct governing the bar and must be terminated. As he has expressed his intention to observe in letter and spirit the decision of this court, no further action upon its part at the present time is necessary.

LAUGHLIN, DOWLING, SMITH and SHEARN, JJ., concurred.

Respondent censured. Order to be settled on notice.