In the Matter of HYMAN POUKER, an Attorney, Respondent.

First Department, December 1, 1922.

**Attorney and client — disciplinary proceedings — attorney who solicited applications for bonds and undertakings as agent for casualty company by use of advertising simulating summons suspended for one year.**

An attorney should be suspended from practice for one year, where it appears that he solicited applications for bonds and undertakings as agent for a casualty company by means of advertisements simulating a summons, in which he signed his name as attorney for the casualty company; and that he insisted in these proceedings that in sending such circulars he was not acting as an attorney and counselor at law, but was acting the same as any other citizen engaged in business, and that he should not be charged in his official capacity as attorney at law for acts done by him in his individual capacity as a citizen.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie,* for the petitioner.

*Hyman Pouker,* respondent in person.

CLARKE, P. J.:

The respondent was admitted to practice as an attorney and counselor at law of the State of New York in May, 1905, at a term of the Appellate Division of the Supreme Court, First Department, and has practiced in such department since his admission.

The petition charges that the respondent has been guilty of misconduct as an attorney at law in that he is also engaged in the business of soliciting applications for bonds and undertakings as an agent of the Columbia Casualty Company in New York city. In January, February and March, 1922, he caused to be printed and circulated among the members of the bar of New York city

about 4,000 circulars soliciting business in behalf of the casualty company.   The following is a copy of the circular referred to:

"All Courts
"All Counties

| " Columbia Casualty Company | Telephones: (day) |
| Plaintiff | Barclay 6585 |
| | Barclay 3408 |
| against | |
| | (night) |
| William Woodward Baldwin, | Audubon 6288 |
| Defendant. | Audubon 3060 |

" To the above-named Defendant:

" You are hereby Summoned to appear before our Representative Hyman Pouker, for BAIL OR CIVIL BONDS, at his office at 217 Broadway, Borough of Manhattan, in the City of New York, on any day you need the execution of a bond — in any Court within this jurisdiction or in any part of the United States; and if you fail, JUDGMENT will be taken against YOU for NEGLECT to OBTAIN PROMPT and EFFICIENT SERVICE.

" Dated, New York City, the 16th day of January, 1922.

"HYMAN POUKER,
"*Attorney for Columbia Casualty Company,*
" 217 Broadway
" Borough of Manhattan
" City of New York.

" NOTE — It is a misdemeanor to destroy a process issued out of a Court of Law.   File this for future reference."

This was indorsed as follows:

"All Courts
All Counties

" Columbia Casualty Company
                              Plaintiff
        against

William Woodward Baldwin,
                              Defendant

" SUMMONS

" Hyman Pouker,
"Attorney for Columbia Casualty Company
" 217 Broadway,
" Borough of Manhattan
" City of New York ",

First Department, December, 1922.　　　[Vol. 203

It is charged by the petitioner that the use of circulars of this character by a lawyer for the purpose of securing business as an agent of a bonding company tends to hold up the administration of justice to contempt and ridicule, and that the respondent has been guilty of unprofessional conduct in preparing and sending the circulars as above set forth.

The respondent in his answer denies that the use of the circulars issued by him tends to hold up the administration of justice to contempt and ridicule, and denies that he has been guilty of unprofessional conduct in preparing and sending such circulars. He alleges that he is now, and has been for some time, engaged in writing surety bonds under power of attorney from surety companies authorized to conduct such business, and that, at the time of the issuance of the circulars complained of in the petition herein, he was and still is acting under a power of attorney from the Columbia Casualty Company, a domestic corporation; that deponent prepared the circulars complained of; that the total number sent by him was about 1,000. He further alleges that, in sending said circulars, deponent was not acting as an attorney and counselor at law, but was acting in the same capacity as any other citizen engaged in business; that deponent knows of no law, rule, regulation, canon of ethics or reasonable propriety which forbids an attorney at law, as an individual, from being engaged in any business in which any other citizen may lawfully engage; that as a citizen deponent had the right to use such means of advertising as were not unlawful to be used by any other citizen, and that deponent has frequently seen similar advertising used with impunity by lodges, societies, business houses and even attorneys seeking surety business, and that deponent at the time of the issue of said circulars did not, and does not now, know of any impropriety or unprofessional conduct which might be chargeable against him for the use of the same. He further alleges that the acts complained of in the petition were not done or performed by deponent in his office as an attorney and counselor at law, and, therefore, this court has no jurisdiction to review or act upon the same.

The facts being admitted, there is no occasion for a reference.

A mere inspection of the exhibit above set forth demonstrates its impropriety. It obviously simulates a legal summons. It purports to be issued by the respondent as attorney for the alleged plaintiff. The name of the alleged defendant is inserted in typewriting. It asserts that judgment will be taken for failure to appear. It bears the note, " It is a misdemeanor to destroy a process issued out of a Court of Law." It is indorsed with the title of an action; it is denominated a summons and again bears the name of the respond-

ent as attorney for the alleged plaintiff. As to its substance, it is obviously a printed circular soliciting business. The gross impropriety of this method of advertisement for business by an attorney at law seems too clear for argument. The attempted justification emphasizes the professional offense. The respondent exhibits a complete misapprehension as to the obligations he assumed when he became a member of the bar. Membership in the bar is a privilege burdened with conditions. Subdivision 2 of section 88 of the Judiciary Law (as amd. by Laws of 1913, chap. 720) provides that " The Supreme Court shall have power and control over attorneys and counsellors-at-law, and the Appellate Division of the Supreme Court in each department is authorized to censure, suspend from practice or remove from office any attorney and counsellor-at-law admitted to practice as such who is guilty of professional misconduct, malpractice, fraud, deceit, crime or misdemeanor, or any conduct prejudicial to the administration of justice."

The respondent alleges that in sending said circulars he was not acting as an attorney and counselor at law, but was acting in the same capacity as any other citizen engaged in business; that deponent knows of no law, rule, regulation, canon of ethics or reasonable propriety which forbids an attorney at law as an individual from being engaged in any business in which any other citizen may lawfully engage; that as a citizen deponent had the right to use such means of advertising as were not unlawful to be used by any other citizen.

This court said in *Matter of Hutson* (127 App. Div. 492): " We consider that it is quite improper for an attorney to send communications to persons against whom he has claims to collect in such a form as to lead to the impression that an action has been commenced or that legal proceedings are pending to collect the claim, and if such course is adopted and persisted in by an attorney it would require discipline." In *Matter of Isaacs* (172 App. Div. 181) this court said: " 'An attorney engaged in the practice of law should primarily reserve himself for his profession only. In this profession he is held to the highest standard of ethical and moral uprightness and fair dealing. * * * If he desires to go into business he must take the risk, if any is involved, and must see that his dealings as a business man are as upright as should be his dealings in his professional capacity.' " In *Matter of Neuman* (169 App. Div. 638) we said: " For a lawyer to advertise for business has long been recognized by the profession at large as grossly undignified and improper, and has been distinctly condemned by the 27th canon of the Code of Ethics adopted generally by the bar associations of this country, and specifically adopted by the New York State Bar

Association on January 28, 1909. While this Code has never been incorporated into our statutes, it has been so far recognized by the Supreme Court that it is now required that a copy of the Code shall be furnished to each lawyer upon his admission to the bar." It is also provided by rule VIII of the Rules of the Court of Appeals for the Admission of Attorneys and Counselors-at-Law that "Every applicant shall be given and required to pass a satisfactory examination in the canons of ethics adopted by the American Bar Association and by the New York State Bar Association." In *Matter of Schwarz* (175 App. Div. 335) the respondent made a similar claim, stating: "It is respectfully submitted that in order to do full justice to the respondent in this case, the court must consider the peculiar character of his business. The word ' business ' is used advisedly for the reason that the respondent's activities are more along business than along professional lines. His work is the collection of commercial claims without any legal proceedings, if that be possible. He resorts to legal proceedings only when other means of obtaining payment have been exhausted without success, and only when specifically directed to do so." But this court said: "It is precisely because of the ' business ' emphasis which the respondent attaches to his professional title of attorney and counselor at law that his methods and practices are so offensive. * * * The court has no disciplinary supervision of business enterprises. It has jurisdiction over its own officers and is authorized to discipline any attorney who is guilty of professional misconduct. * * * If respondent wishes to retain and carry on the business which he claims is so valuable to him, he may do so outside of the profession whose standards and rules of conduct he has violated; he cannot remain a member of the bar of this State and, while such member, indulge in such practices." In that case, in view of the representations of the respondent, we confined ourselves to a severe censure, stating: "Upon his refraining from further use of such methods no further action will be taken. Respondent and the bar generally are warned that such conduct is not to be tolerated, and repetition thereof will lead to disbarment." He was again before this court in 195 Appellate Division, 194, for a similar offense, and we said: "It is evident that the respondent has no conception of the ethics of the profession and is obsessed by the notion that self-advertisement is a proper means of obtaining professional employment and that his efforts are directed to so shaping his letters and circulars as to obtain the results of such advertisement and at the same time escape judicial condemnation. He had fair warning, but has deliberately violated the spirit of our former decision while asserting that he has observed its letter. The court told him plainly

that if he wished to continue his business, for that is what he then claimed it was, in the manner and by the methods employed, he must do it as a business man and not masquerade as a professional man while violating the fundamental ideals and principles of the profession. As he has not heeded the sharp warning there given he is disbarred."

This was affirmed upon the opinion of this court in 231 New York, 642.

In the matter at bar, not only has the respondent violated the rule against advertising and solicitation of business, but has done so in a peculiarly offensive manner by framing his circular in similitude of court process. We deem it our duty, in view of the defense interposed and the argument submitted thereon, to express our condemnation of the methods employed.

The respondent should be suspended for one year, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the condition to be incorporated in the order to be entered hereon.

DOWLING, SMITH, PAGE and MERRELL, JJ., concur.

Respondent suspended for one year. Settle order on notice.