In the Matter of ANONYMOUS, an Attorney, Respondent.
ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 30, 1948.

*Per Curiam.* The present record establishes that respondent, an attorney admitted to practice law in this State, accepted a retainer to procure a Mexican " mail order " divorce for a client who together with his wife were New York domicilliaries. The attorney knew that neither was a resident of Mexico and that they had no intention of going there. Part of the retainer fee received was paid by respondent to a Mexican attorney having an office in New York, and the Mexican proceedings set in operation. It does not appear, however, that the respondent had any part in any collusive arrangement between the client and his wife.

In procuring a Mexican " mail order " decree of divorce the client violated the law, procedure and public policy of this State, and the decree of divorce thus obtained was totally invalid. (*Matter of Alzmann* v. *Maher,* 231 App. Div. 139, 141.) The courts of this State would attach no validity to such a decree (*Querze* v. *Querze,* 290 N. Y. 13, 17), as the Mexican court was without the slightest semblance of jurisdiction to act in the premises (*Krause* v. *Krause,* 282 N. Y. 355) and the judgment obtained based upon patent irregularity and lack of authority (*Senor* v. *Senor,* 272 App D.iv. 306, affd. 297 N. Y. 800).

Respondent conceded that he knew of the views expressed by our courts in the cited cases. He so advised his client. He contends, however, that his conduct in advising the client should not be found reprehensible in the absence of an express prohibition by this court against the assistance by a New York attorney in securing such a divorce.

It should be unnecessary for the courts to have to expressly advise attorneys that their conduct is to be performed within the law and not in an attempt to flout it.

As stated in canon 15 of the Canons of Professional Ethics adopted by the New York State Bar Association, " * * * it is steadfastly to be borne in mind that the great trust of the lawyer is to be performed within and not without the bounds of the law."

In view of the novelty of this proceeding and in the absence of any collusive conduct by the respondent, the motion for an order adjudging the respondent guilty of professional miscon-

duct is denied. For the information of the `Bar, we state, however, that repetition of like conduct in the future by any attorney will be deemed sufficient basis for appropriate disciplinary action.

The motion for an order adjudging the respondent guilty of professional misconduct is denied and the proceeding dismissed.

GLENNON, J. P., COHN, CALLAHAN, VAN VOORHIS and SHIENTAG, JJ., concur.

Motion for order adjudging respondent guilty of professional misconduct denied and proceeding dismissed.