In the Matter of JOSEPH A. ESQUIROL, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, PETITIONER.

First Department, December 31, 1954.

George G. Hunter, Jr., of counsel (*Frank H. Gordon*, attorney), for petitioner.

*Benjamin Cooper* for respondent.

*Per Curiam.* These are two separate disciplinary proceedings against the respondent based on separate acts of professional misconduct.

The Referee appointed to hear the charges has filed two separate reports finding that professional misconduct has been established in each case. The record sustains his conclusions. His reports are confirmed.

The first charge against the respondent involved his taking of $250 from a client to procure a Mexican divorce. It is alleged that the client was at no time required to sign any papers, and the respondent put him off with evasive answers concerning the service to be rendered or the return of the fee. Finally, after procuring neither the divorce nor any information for his client, the respondent promised to return the money, but failed to do so until after charges had been made and just before the respondent was to appear before the petitioner's Committee on Grievances. The respondent was also charged with disregarding the warning to attorneys contained in *Matter of Anonymous* (274 App. Div. 89) with respect to Mexican mail-order divorces. The Referee found that the charge of misconduct toward his client was sustained, and that the respondent's conduct was contrary to our warning in *Matter of Anonymous* (*supra*).

The second charge involved the conversion of $352 received on behalf of a client in settlement of a tax lien foreclosure. It was charged that the respondent converted the money to his own use and made false statements to his client with respect to his reasons for not forwarding the proceeds of the settlement. Eventually, the money was paid to the client after the commencement of hearings before petitioner's Committee on Grievances. The Referee found that there had been a conversion of client's funds by an unjustified failure of respondent to deliver the money to his client, and that he falsified the reasons for withholding the same.

The respondent has previously been suspended from the practice of law for five years by an order of the Appellate Division, Second Department (267 App. Div. 780). This suspension was

in effect from January 4, 1944 to February 21, 1949. (275 App. Div. 678.) The transactions giving rise to the instant charges took place within a relatively short time after the respondent's reinstatement.

Taking into consideration his prior suspension and his guilt on the present charges, we find that the respondent is unfit to continue as a member of the legal profession, and that he should be disbarred.

PECK, P. J., DORE, COHN and CALLAHAN, JJ., concur.

Respondent disbarred.