In the Matter of JOHN M. DUFFY, an Attorney, Respondent. BAR ASSOCIATION OF NASSAU COUNTY, Petitioner.

Second Department, July 8, 1963.

*William Gitelman* for petitioner.

*John M. Duffy,* respondent in person.

*Per Curiam.* The respondent, an attorney admitted to the Bar in November, 1933, is charged by the Bar Association of Nassau County with violating canon 27 of the Canons of Pro-

fessional Ethics (as amd. to April 26, 1962). This canon prohibits advertising for professional employment. In pertinent part it provides: "27. Advertising, Direct or Indirect. It is unprofessional to solicit professional employment by circulars, advertisements, through touters or by personal communications or interviews not warranted by personal relations."

Since the underlying material facts that give rise to this proceeding are undisputed, the necessity for a further hearing beyond the one already held by the Bar Association Grievance Committee has been obviated.

It appears that since 1946, the respondent has maintained a law office in a street-level store located in a retail shopping district in Nassau County. The store front contains two large plate-glass windows with a recessed passageway between them leading to the interior of the store premises. The windows are the usual type of retail store showcase windows.

Across the entire width of the store exterior, and above the windows, there is a sign, approximately 16 feet long and 2 feet high, bearing the legend "LAW OFFICE" in block letters and the respondent's name in script. The sign is illuminated at night by means of two white neon bars — one along the top of the sign and the other along its bottom. There are additional neon signs, one in each of the plate-glass windows. The neon tubing in the north window forms the legend "LAW OFFICES" in red block letters with the respondent's name in green script. Neon tubing in that window, forming the legend "REAL ESTATE" in red block letters, was removed by the respondent subseqent to the institution of this proceeding. The neon tubing in the south window forms the name of an insurance corporation in red and the word "INSURANCE" in green. The corporate name comprises the respondent's name coupled with the words "ASSOCIATES, INC." According to the respondent, he has no interest in this corporation, although it bears his name; concededly it is owned and operated by his wife. In the passageway there are smaller windows facing to the north and to the south, each bearing respondent's name and the designation "LAW OFFICES." These signs are painted on the respective windows. The door bears the legend "Evening Hours By Appointment Only."

It is the petitioner's contention that the above-described signs, particularly the illuminated ones, are being maintained by the respondent in violation of canon 27. It is the respondent's contention that the illuminated signs are necessary because a large percentage of his business is conducted at night and, hence, the signs are in no way violative of canon 27.

The Canons of Professional Ethics of the American Bar Association, adopted by the New York State Bar Association in 1909, "While not possessing the force and effect of statutes, * * * have come to be recognized by the Bench and Bar as establishing wholesome standards for professional conduct" (*Matter of Connelly*, 18 A D 2d 466, 469) and serve "as rules of conduct for attorneys in our courts" (*Erie County Water Auth.* v. *Western N. Y. Water Co.*, 304 N. Y. 342, 349, cert. denied 344 U. S. 892). However, as recently stated by this court, "since the high standard of conduct to which the lawyer must conform is incapable of precise definition the Legislature has wisely confided to this court a plenary power and control over all lawyers" (*Matter of Cohen*, 9 A D 2d 436, 445, affd. 7 N Y 2d 488, affd. *sub nom. Cohen* v. *Hurley*, 366 U. S. 117; Judiciary Law, § 90, subd. 2). And, as observed some years ago by the Court of Appeals: "In establishing the standard of conduct to which the bar must at its peril conform, the Appellate Division has a wide discretion, with which * * * [the Court of Appeals has] neither the wish nor the power to interfere" (*Matter of Flannery*, 212 N. Y. 610, 611).

"For a lawyer to advertise for business has long been recognized by the profession at large as grossly undignified and improper, and has been distinctly condemned by the 27th canon of the Code of Ethics" (*Matter of Neuman*, 169 App. Div. 638, 641; *Matter of Gray*, 184 App. Div. 822, 827). This principle of conduct is based on the fundamental premise that the practice of law is a profession and not a business. It is a profession which exists primarily for the public good in furthering the administration of justice, and thus there is no place in it for the commercial selling and promotional techniques generally employed by businessmen. Should the lawyer adopt the method of the businessman, in the practice of his profession, he would defeat the primary purpose of his high calling by placing his own personal benefit above that of the public. Lawyers, in considering themselves members of a profession, do not indulge in "a fancied conceit, but a cherished tradition, the preservation of which is essential to the lawyer's reverence for his calling — as well as to his regard and esteem for his fellows at the bar" (Drinker, Legal Ethics, p. 211 [1961]). Hence, it is incompatible with the maintenance of correct professional standards for a lawyer to advertise his services in the same manner as a shopkeeper advertises his wares (5 Am. Jur., Attorneys at Law, § 275, p. 426; Ann. 39 A. L. R. 2d 1055, 1057).

In the light of the foregoing, we view respondent's use of neon signs in the plate-glass windows, as well as the lighting

and size of the large sign above and across the entire width of the store exterior, to be unprofessional and violative of canon 27. In our opinion, these signs are designed to invite the public to engage respondent as counsel, and as such are not permissible. We are also of the opinion that the sign relating to the insurance corporation, and which bears respondent's name, is misleading to the public. As already noted, the respondent has no interest in this corporation the business of which is conducted from the same premises where he maintains his law office.

It is not practicable to formulate a precise rule governing the size and type of permissible shingles. As a guide for the Bar, we note with approval the following heretofore unpublished opinions of the American Bar Association Ethics Committee (see Drinker, Legal Ethics, p. 231, *supra*): "A lawyer may not display a neon sign for a shingle [*op. p.*, 131]. The test is whether the sign is intended and calculated to enable persons looking for a lawyer, already selected, to find him, or to attract the attention of persons who might be looking for a lawyer, although not for him [*op. p.*, 132]."

In view of the respondent's persistent and prolonged violation of the principle of conduct which is here enunciated, we deem it necessary that he be disciplined. Since this is a case of first impression in this State, we are constrained to limit our action to censuring him.

Accordingly, the respondent should be censured.

BELDOCK, P. J., CHRIST, BRENNAN, HILL and RABIN, JJ., concur.

In a proceeding to discipline the respondent, an attorney, for violation of canon 27 of the Canons of Professional Ethics, relating to advertising by lawyers, the petition of the Nassau County Bar Association is granted to the extent of censuring the respondent.