In the Matter of ANONYMOUS, Attorneys, Respondents. NEW YORK COUNTY LAWYERS' ASSOCIATION, Petitioner.

First Department, April 17, 1969.

38

*Daniel M. Shientag* for petitioner.

*Rosen, Lotwin, Kantrowitz, Goldman & Gutin* for respondents.

*Per Curiam.* This is a proceeding initiated by petitioner New York County Lawyers' Association against respondents, two attorneys, who at the time were practicing as partners. At the time respondents had been admitted about nine and four years, respectively. They occupied an office in a storefront on Eighth Avenue in this city. Across the length of the store, some 20 feet, was a 3-foot high sign reading: " Law Offices — Accountants — Insurance — Real Estate ". And in large gold letters, their names, followed by:

" Attorneys at Law
Abogados
Tax Returns Prepared
Notary Public ".

In smaller letters the window contained the following words: " Money Orders, Insurance, Real Estate for Sale, Public Stenographer, Photo Copies, Advertising ". In addition, on a fire escape of the building in which one of the partners had his residence was a 2-foot square sign giving the name of the firm with the words: " Attorney-at-Law, Public Accountant, Insurance, Taxes Prepared, Notary Public ".

The office housed a real estate brokerage company and an insurance agency, in both of which the law partners were principals. One of them was an accountant and practiced that profession in the same premises. The office also supplied the services listed on the window. Respondents derived a part of their law practice from contacts made in connection with their real estate, insurance, and other activities conducted in and from their office.

Shortly after the proceedings were instituted, counsel for the petitioner and for respondents agreed on a stipulation by the

terms of which respondents agreed to remove all of the signs and lettering from the storefront window except that setting forth their names and " attorneys-at-law ", and to remove the fire escape sign. They further agreed to cease and desist from accepting as clients in legal matters persons who were customers in any activity carried on at the premises or in which they had a financial interest. Excepted from the above were accounting clients. In return, petitioner agreed, subject to the approval of this court, to dismissal of the proceedings.

One of the respondents signed the stipulation. The other refused, and counsel for petitioner refused to accede to it. The remaining respondent then signed the stipulation. However, petitioner's counsel believed that, under those circumstances, the petition should be tried. Respondents did not contest the prior existence of the signs but asserted that they had been removed or corrected in accord with the stipulation. They conceded that they had performed legal services for customers of the other enterprises but did not concede that these enterprises acted as " feeders " for their law practice.

It further appears that the partnership between respondents has been dissolved and one of them is no longer engaged in private practice.

As regards the first charge, which concerns improper advertising, it is now not debatable that any form of advertising is improper (Canons of Professional Ethics, canon 27; *Matter of Neuman*, 169 App. Div. 638) and the only possible question is whether the matter complained of constitutes advertising. Indubitably a lawyer has the right to place his name on the entrance to his office and to state that he is an attorney. The purpose is, however, to let those know who are seeking him where he is located, rather than to advise persons seeking a lawyer that one can be found within (Drinker, Legal Ethics [1961], p. 231). So that signs designed to acquaint the passing public with the nature of the services available or that legal services can be obtained at the location demean the profession and subject the practitioner to discipline (*Matter of Duffy*, 19 A D 2d 177).

As to the second charge, which is basically solicitation by means of business activities, there is a dearth of judicial opinion, though the subject has been extensively considered by bar association committees and at least one writer has treated of it (see Drinker, *op. cit.*, pp. 221–228). Petitioner has urged this court to lay down some guidelines on the subject. To comply would be neither simple nor altogether desirable. It is impossible to foresee the many, varied and subtly distinctive situations that may arise and to provide for all or even many of them.

40

Clearly, all forms of solicitation are interdicted (canon 27) and using the conduct of a business to make contacts would be one form. A lawyer does not forfeit his right to practice by engaging in business. Nor is he under the necessity of refusing to serve clients who have been impressed by his capability or character in that activity, any more than if the favorable impression were gathered from his conduct in public office, community service or the like. It would be otherwise where the prospective client is induced to retain the lawyer as a concomitant of his being a customer of the lawyer's business. It is the virtual certainty that the latter will be the case where the lawyer maintains his office in quarters shared by business activities conducted by himself or others that causes this practice to be frowned upon. We have no difficulty in confirming the findings of the Referee that in this instance there was solicitation through the many activities that were conducted in respondents' office.

We also find that respondents' unethical conduct was, as to the first charge, due to a failure to appreciate the high standards imposed upon the Bar by the Bar itself. And that their breach is not due to any deliberate intent to violate the Canons of Professional Ethics is shown by their prompt compliance. As to the second charge, the petition is in a sense a case of first impression. Under the circumstances, we will make the disposition that we have employed in comparable situations and dismiss the proceedings with a caveat to the Bar that instances of like misconduct will render the offender liable to appropriate disciplinary action (*Matter of Anonymous*, 274 App. Div. 89; *Matter of Bermant*, 256 App. Div. 944).

The petition should be dismissed.

EAGER, J. P., McGIVERN, MARKEWICH, NUNEZ and STEUER, JJ., concur.

Petition dismissed.