In the Matter of ANONYMOUS, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, November 7, 1974.

*Per Curiam.* The respondent was admitted to practice in 1944 and for many years has devoted his practice almost exclusively to matrimonial matters, and more specifically to foreign proceedings. When the law in Mexico was changed early in 1971 and "quickie" divorces were no longer in vogue in the State of Chihuahua, the respondent investigated the laws of Haiti and the Dominican Republic, and then made himself available to the Bar as a consultant on Haitian divorces.

He reprinted an article from the New York Law Journal on Haitian and Dominican matrimonial law and hired a commercial mailing firm to send it out to some 8,000 lawyers in up-State New York and to some 3,000 lawyers in Connecticut. He added the additional information in a self-laudatory vein that he

handled Haitian divorce matters and had special competence so to do. The respondent explains that he was trying to point out to his colleagues at the Bar that he was not simply a travel agent soliciting a combined travel and divorce "package", which was current at the time in advertisements, but was rather *a serious* legal practitioner who could be helpful on a professional basis.

The Referee found that the action was not unprofessional, but was unseemly because of the undignified manner of the self-serving declarations. (Cf *Matter of Connelly*, 18 A D 2d 466 [1st Dept., 1963].)

Respondent has recognized his transgression and indicates that he was " overzealous " in his actions.

In view of the fact that the communications involved were addressed to members of the Bar, and the contention, with which the Referee is in accord, that the respondent meant only to be helpful rather than to engage in self-aggrandizement, and his further realization that his conduct was not to be commended, and the novelty of this proceeding, the motion for an order adjudging the respondent guilty of professional misconduct and for censure is denied and the proceeding is dismissed.

For the information of the Bar, we state, however, that repetition of like conduct in the future by any attorney will be deemed sufficient *basis for appropriate* disciplinary action. (*Matter of Anonymous*, 274 App. Div. 89 [1st Dept., 1948].)

McGIVERN, P. J., MARKEWICH, KUPFERMAN, LUPIANO and LANE, JJ., concur.

Motion to confirm the report of the Referee denied and cross motion granted to the extent of dismissing the charges contained in the petition and dismissing the proceeding.