ANNA E. M. IMBRIOSCIA, Respondent, *v.* FRANK J. QUAYLE et al., Constituting the Board of Trustees of the New York Fire Department Pension Fund and the New York Fire Department Life Insurance Fund, Defendants-Respondents, and ELIZABETH IMBRIOSCIA, Defendant-Appellant.

First Department, April 3, 1951.

*Bernard Meyerson* of counsel (*John G. Esposito,* attorney), for appellant.

*James N. Fazio* for plaintiff-respondent.

*Henry J. Shields* of counsel (*Seymour B. Quel* with him on the brief; *John P. McGrath, Corporation Counsel,* attorney), for defendants-respondents.

COHN, J.  This is a dispute between plaintiff, Anna Imbrioscia, and defendant, Elizabeth Imbrioscia, each claiming to be the widow of Joseph Imbrioscia, deceased, and as such entitled under section 791 of the Greater New York Charter to be awarded a pension in the discretion of the board of trustees of the New York City fire department pension fund.

Plaintiff claims to be the decedent's second wife, asserting that decedent was legally divorced from Elizabeth, his first wife, by decree of divorce obtained in Mexico on September 5, 1925, and that he thereafter married plaintiff in Mexico on September 8, 1925.  Defendant, Elizabeth Imbrioscia, contends that the Mexican decree is not entitled to recognition on the ground that the Mexican court had not acquired the necessary jurisdiction.

In 1902, decedent married Elizabeth.  Three children were born of the marriage.  In the year 1920, he retired from the uniformed force of the New York City fire department and was granted a pension.  Thereafter in 1922, Elizabeth obtained in this State a judgment of separation from decedent providing for alimony of $45 monthly, which sum decedent paid up to the time of his death in 1948.

Following his retirement from the fire department, decedent was employed by the *New York Daily News.*  The records of this employer show that Joseph Imbrioscia went on vacation for two weeks beginning July 26, 1925, and that he was granted a leave of absence from August 10 to September 27, 1925.  Arrangements had been made by decedent to go to Mexico during this period of absence from his work.  Just prior to his departure, he had borrowed $300 or $400 from a fellow employee, which upon his return to New York City he repaid.

Accompanied by plaintiff, decedent, as planned, travelled by boat to Mexico in July, 1925.  About six weeks after his arrival in that country and while on the leave of absence from his New York City employment, he instituted his action for divorce which resulted in a judgment of the Mexican court dated September 5, 1925.  Three days later decedent married plaintiff.  He returned to his job in this city the day after the leave of

absence expired, namely, September 28, 1925, and continued his employment with the *New York Daily News* until 1929. There is no proof that decedent at any time returned to Mexico. Concededly Elizabeth did not appear in the Mexican suit.

Some slight testimony in the case was offered to show that decedent contemplated remaining permanently in Mexico. However, we think that the weight of the credible evidence clearly proves that he did not intend to, nor did he in fact, establish a bona fide domicile in Mexico sufficient to give the Mexican court jurisdiction to grant a decree of divorce.

The judicial power to grant a divorce is founded on domicile (*Bell* v. *Bell,* 181 U. S. 175; *Andrews* v. *Andrews,* 188 U. S. 14). As the defendant Elizabeth has shown that her deceased husband was not in fact domiciled in Mexico at the time the divorce decree was rendered, the decree is invalid for want of jurisdiction on the part of the Mexican court and, therefore, not entitled to recognition (*Caldwell* v. *Caldwell,* 298 N. Y. 146).

In view of our holding that the foreign court lacked jurisdiction to grant a divorce decree for the reason assigned, it is unnecessary to consider the other questions raised by appellant.

The judgment, except as to paragraph numbered " 5 " thereof, should be reversed and judgment should be granted on the counterclaim declaring defendant to be the lawful widow of decedent.

Settle order on notice containing findings in accordance herewith.

PECK, P. J., CALLAHAN, VAN VOORHIS and HEFFERNAN, JJ., concur.

Judgment, except as to paragraph numbered " 5 " unanimously reversed and judgment granted on the counterclaim declaring defendant to be the lawful widow of decedent. Settle order on notice containing findings in accordance with the opinion herein.