ROY NEWITT, Respondent, *v.* ELIZABETH NEWITT, Appellant.

First Department, May 12, 1953.

*Leonard B. Boudin* of counsel (*Samuel P. Shapiro* with him on the brief; *Shapiro, Rabinowitz & Boudin,* attorneys), for appellant.

*Milton N. Redman* of counsel (*Redman & Rogers,* attorneys), for respondent.

BERGAN, J.  In the husband's divorce action against her, the appellant wife asserts by counterclaim a cause of action for annulment of the marriage.  The court at Special Term granted judgment of divorce in favor of the husband; and hence dismissed the wife's action for annulment.

The husband had been married previously and on January 23, 1935, his former wife had obtained a divorce against him by judgment of the Civil Court of Chihuahua, Mexico.  The marriage between the present parties was contracted in 1939; the defendant wife by her counterclaim here pleads an absence of jurisdiction of the court in Mexico to enter a binding decree in 1935, and asks, therefore, that the marriage of 1939 be annulled.

The defendant's proof directed toward the absence of any jurisdiction of the court in Mexico to enter a judgment which a New York court would be required to recognize, although rejected by the Special Term, seems strong enough to us to require an adjudication of annulment.

There appears on the face of the 1935 judgment of the Civil Court of Chihuahua a statement that the prosecuting party there, this plaintiff's wife at that time, had submitted to the Mexican court's jurisdiction " in writing "; and that the respondent there, the plaintiff husband here, had likewise submitted to the jurisdiction " in writing ".  Nowhere in that judgment is there any statement or finding that either party was then within or at any time a resident of Mexico, or had appeared by an authorized attorney in any act of submission to the Mexican court.

There is direct proof on the trial of the action now before us by the plaintiff husband's testimony that he was not himself in Mexico at the time of that divorce and that he lived in New York in 1934 and 1935.  This was more than a " declaration or confession " of a party treated in section 1143 of the Civil Practice Act.  It was first-hand proof of a jurisdictional fact and it was competent.

There was other proof of admissions by the plaintiff to an absence of any jurisdiction in the Mexican court to dissolve plaintiff's former marriage.  An acquaintance testified that plaintiff told him that he had never been to Mexico and that " we " had got " one of those mail order things ", and that " neither he nor his wife had gone to Mexico."

For the purposes of the action between this plaintiff and this defendant, the admission that his former wife had not been

within the jurisdiction of the Mexican court was competent as against this plaintiff.

There is other independent proof from which it ought to have been found that the plaintiff's former wife was a resident of New York and not of Mexico when the Mexican judgment was granted. There is, additionally, testimony by members of the New York bar showing similar admissions by plaintiff against the validity of the Mexican divorce.

Direct proof by a party sworn as a witness of a material fact in an action for annulment is something different from, and more than, a " declaration or confession " in the sense that those terms are used in section 1143 of the Civil Practice Act. The rule of this section of the Civil Practice Act is based on the possibility that the " confession " is not a true admission against interest but is apt to be collusive. Corroboration is thus required. The reason and rule do not apply to direct testimony of a party on trial of an action.

The direct testimony of the wife, for instance, in *de Baillet-Latour* v. *de Baillet-Latour* (301 N. Y. 428) of the fraud of the husband was treated by the court as entirely competent, and only that part of her testimony in which she proved admissions or " confessions " of the husband was regarded as needing the support of other proof (p. 433). (See, also, *Feig* v. *Feig*, 232 App. Div. 172, 176.)

Thus in the case before us the direct proof by the plaintiff husband that he never was within the jurisdiction of the Mexican court is good enough standing alone; and while his " admissions " going to the failure of the court in Mexico to acquire jurisdiction would require " other satisfactory evidence ", that other evidence certainly exists in this case.

Besides all this, the plaintiff's former wife had also remarried and the husband of the remarriage had obtained in the New York Supreme Court a judgment of annulment, granted May 13, 1946, based on the absence of jurisdiction in the Mexican court to grant her divorce from this plaintiff (*Murray* v. *Murray*, New York County Index 2790 — 1946). This plaintiff had knowledge of the judgment in the *Murray* case.

Proof of this judgment was rejected by the court on plaintiff's objection. Since it was a determination by the New York Supreme Court that the Mexican judgment had no binding effect on the parties to it; since one of such parties was this plaintiff; and since the validity of the marriage between this plaintiff and this defendant in turn depended on the binding

force in New York of the Mexican decree, some notice of the former adjudication on the same subject in New York ought to have been taken by the Special Term.

It was not a conclusively binding determination on the subject in the sense that it was *res judicata*. Plaintiff was not a party to the action between his former wife and her later husband Murray, and the judgment did not amount to estoppel by former adjudication in the classic sense.

But notice should have been taken of the adjudication of the Supreme Court on the same subject in the interest of harmony in judicial determinations to avoid, if reasonably possible, the adjudication of invalidity of the Mexican judgment as to one of its parties by the New York court and the adjudication of its validity as to the other party by the same court.

The rule of *stare decisis,* and something more, requires judicial notice of that prior adjudication. There are cases where the prior adjudication on the same subject is so germane to a later controversy that the court will examine and honor the former adjudication even though the parties be different. An important case illustrating this principle is *Matter of Benedict* v. *Lunn* (244 N. Y. 373). There the court previously had determined the boundaries fixed by Colonial grants of lands under water in a partition action to which the State was not a party.

In a later proceeding, in which the State became a party, it was held that while the State was " not bound by the decision " in the earlier case, yet the prior adjudication on the subject matter was " an authority to be followed on the same facts until something appears to justify a different conclusion " (p. 378).

The new record was open for the State to prove any claim it might have, but until it did so " the decision in that case is an authority which must be followed in the interpretation and construction of these Colonial grants " (p. 378). We regard the prior judgment on the effect in New York of the Mexican decree in much the same way.

In some situations, as in cases of indemnity (*Comstock* v. *Drohan,* 8 Hun 373); of liability over (*Wischnie* v. *Dorsch,* 196 Misc. 679, 684); and in support of the relation of partnership between parties (*Millard* v. *Adams,* 1 Misc. 431), it has been usual to treat a judgment as evidence prima facie even though the parties differed in the two actions.

We think the proof is very strong here that the Mexican court had no jurisdiction, and the husband offered no proof that it had jurisdiction. Since the husband had first of all to prove

he had contracted a valid marriage with defendant to become entitled to a divorce, and since on the whole record there appears there was no valid marriage, the annulment rather than the divorce should be granted.

The Special Term awarded the custody of the two children of the marriage to the plaintiff. In granting judgment for annulment, the court must arrange the custody of children " as justice requires " (Civ. Prac. Act, § 1140). That subject has been thoroughly and carefully explored in earlier proceedings, and we are satisfied that justice and the welfare of the children will be promoted by giving their father general custody under the terms as to temporary custody and visitation by the mother which this court provided in its order of modification of February 25, 1953, in the habeas corpus proceeding (*People ex rel. Newitt* v. *Newitt*, 281 App. Div. 829).

The judgment should be modified by granting judgment of annulment in favor of the defendant; by adjudicating that the children are the legitimate children of both parties; by dismissing the complaint on the merits; and by incorporating in the judgment to be entered the directions in respect of custody of the children contained in the prior order of this court.

PECK, P. J., GLENNON and VAN VOORHIS, JJ., concur; DORE, J., concurs except to vote that the terms of the mother's visitation be restricted to the rights of visitation granted in the order of the court below in the habeas corpus proceeding. (281 App. Div. 829.)

Judgment modified in accordance with the opinion herein and, as so modified, affirmed. Settle order on notice.