IDA WASSERBERGER, Plaintiff, *v.* HERMAN WASSERBERGER, Defendant.

Supreme Court, Special Term, Queens County, August 4, 1954.

*Parker, Duryee, Benjamin, Zunino & Malone* for plaintiff.

*Charles A. Wolfe* for defendant.

COLDEN, J. In an action to declare the continuance of the marital relation between the parties notwithstanding the pur- ported decree of divorce procured by the defendant against this plaintiff in the civil courts of Mexico, the answer admitted that the defendant had procured such divorce decree without personal service of process upon the plaintiff in Mexico and without her appearance in the action, and that prior to such divorce, a judgment of separation was duly entered in the office of the Clerk of the County of Queens in favor of the plaintiff and against the defendant. The answer denied, however, all the other material allegations of the complaint by which the jurisdiction of the courts of Mexico to grant a divorce to the defendant was challenged upon the ground that he was not a domiciliary of that country. Plaintiff has now moved to strike the answer of the defendant and for summary judgment as prayed for in the complaint and to direct the defendant to pay her the balance of a counsel fee in the sum of $175 heretofore awarded to her by an order of this court.

The defendant's affidavit in opposition concedes that whether the judgment plaintiff seeks should be granted is a matter of law. With reference to the motion for summary judgment he states that his position is as follows: " I do not consent to same but offer no objection."

With respect to the balance of the counsel fee, however, he offers the objection that in fixing the amount thereof, Special Term took into consideration that a trial of the issue was anticipated. Should summary judgment be granted, there will be no necessity for a trial. Consequently, he urges, he should not be required to pay any part of the balance or the same should be reduced as may be proper in the premises.

By the amendment of rule 113 of the Rules of Civil Practice, effective January 1, 1953, there was added to the eight sub-

divisions of the rule setting forth causes in which a plaintiff may obtain summary judgment, a ninth subdivision, to wit: "For a declaratory judgment". Under that subdivision, the plaintiff properly moved for summary judgment.

Attached to the plaintiff's moving papers is an examination before trial of the defendant from which it appears that in May, 1953, he purchased a two-way plane ticket to Mexico where he remained for one day, immediately returning to New York. On the day he was in Mexico, he obtained the divorce which is the subject of this action; that sometime after his return from Mexico, he went to Greenwich, Connecticut, where he married another woman not a party to this action, with whom he is now living in Queens County as husband and wife. He also admitted that he has been engaged in business in Long Island City for some twenty years without interruption.

It is obvious from the foregoing admissions that the defendant, although physically present in Mexico, was not in fact domiciled in that country at the time the divorce decree was rendered in his favor. Since the plaintiff herein did not appear in that action nor was served with process in Mexico, of which the defendant was not a domiciliary, the resulting decree of divorce did not terminate the marital relation between the parties. (*Imbrioscia* v. *Quayle,* 278 App. Div. 144, affd. 303 N. Y. 841.) Accordingly, the motion for summary judgment is granted and findings will be made and a judgment entered declaring the invalidity of said purported divorce decree and that the marital relation between the parties was not thereby terminated.

The second branch of the motion, i.e., to direct the defendant to pay the balance of the counsel fee is deemed an application for leave to enter judgment therefor, pursuant to section 1171-b of the Civil Practice Act. Indeed the defendant has so treated that branch of the motion inasmuch as he appeals to the discretion of the court to reduce the amount in view of the fact that a summary disposition will obviate a trial. In view of all the circumstances, the court is of the opinion that the disposition of an action such as this by summary judgment rather than by trial does not warrant the reduction of a counsel fee granted earlier in the litigation. Accordingly, leave is given to the plaintiff to enter a money judgment for $175. Submit order and provide therein for the entry of such money judgment prior to the settlement of findings and the settlement and entry of the declaratory judgment.