Vincent A. Lupiano, J.
An unusual factual situation is presented by the opposing papers in this motion for summary judgment. However, while unusual, the facts resolve themselves into a singular, insuperable conclusion.
The action is one for declaratory judgment whereby plaintiff seeks to have declared null and void the decree of divorce secured by her husband, the defendant Daniel Buckley. The parties were married in New York City on May 15, 1917; there are no children of the marriage. They separated in April of 1932 and entered into a separation agreement in writing. On or about January 3, 1940, Daniel Buckley obtained a decree of divorce against plaintiff in the State of Tlaxcala, Mexico. Annexed to the moving papers herein are copies of the decree on file in the Mexican court and the original papers upon which that decree was entered. They patently reveal that the defendant, Daniel Buckley, was at no time a resident of Mexico; nor did he appear there personally to prosecute his action. Instead, he had executed a power of attorney to a Mexican lawyer to prosecute the action for him. Moreover, this defendant now *597 admits that he was at no time domiciled in Mexico; that at the time he' instituted the action he had been, was, and at all times remained a resident of, and domiciled in, the State of New York; that he did not personally appear in said action, but executed a power of attorney to one Jose Campuzano, Jr., who commenced, prosecuted and procured a ‘ ‘ mail order ’ ’ divorce on his behalf against plaintiff (see par. Sixth of amended complaint and stipulation, dated Dec. 16, 1957). Plaintiff was never served with process in that action. Because of the alleged absence of knowledge as to plaintiff’s then residence, the Mexican court dispensed with personal or other service of legal process upon plaintiff, except to direct that the “notice” be given by publication, for three days, in a Mexican paper. Needless to say, but for the purpose of this record, plaintiff did not appear in the Mexican proceeding personally, by power of attorney or in anywise.
After obtainment of said divorce, defendant then married the codefendant, Willa, on March 23, 1940, in the State of Virginia. In opposing the present motion for summary judgment defendant, while admitting the factual situation (which he cannot deny in the face of the documentary proof by exhibits of the Mexican decree), nevertheless argues that his marriage in Virginia, legal there, is legal everywhere; that plaintiff is guilty of laches in bringing the present action against him because she had actual knowledge of his Mexican divorce decree for the past 10 years, and that she has forfeited any rights she may have had to set the decree aside.
Whatever plaintiff may or may not have done during those years, assuming, arguendo, that she had knowledge of the Mexican decree, is, in my opinion, of no legal consequence here; nor does his argument that the status of his marriage in the State of Virginia act as a bar to plaintiff’s present action. The uncontrovertible fact is that defendant procured a typical colloquially called “ Mexican mail order decree ” of divorce against plaintiff. The Mexican court had no jurisdiction of the parties nor of the subject matter. The law, procedure and public policy of the State of New York were thus violated (Matter of Anonymous, 274 App. Div. 89). Such a decree is totally invalid for all purposes, including estoppel, and it is a nullity from which no rights of any kind spring (Caldwell v. Caldwell, 298 N. Y. 146; Matter of Rathscheck, 300 N. Y. 346, 351, 354; Newitt v. Newitt, 282 App. Div. 81; Matter of Alzmann v. Maher, 231 App. Div. 139; Rosenbaum v. Rosenbaum, 309 N. Y. 371, 376; Imbrioscia v. Quayle, 278 App. Div. 144, affd. 303 N. Y. 841; *598 Querze v. Querze, 290 N. Y. 13,17; Vose v. Vose, 280 N. Y. 779; Senor v. Senor, 272 App. Div. 306, 312, affd. 297 N. Y. 800; Molnar v. Molnar, 131 N. Y. S. 2d 120; Wasserberger v. Wasserberger, 206 Misc. 461).
Accordingly, there are no denials by the defendants capable of raising an issue for trial, nor are the defenses of laches and the marriage of the codefendants of any legal sufficiency. The uncontroverted facts require dismissal of the answers, and judgment for the plaintiff as demanded in the complaint.
That summary judgment is permissible in an action to declare the marital status of parties is well established (Rules Civ. Prac., rule 113, subd. 9; Wasserberger v. Wasserberger, supra; Molnar v. Molnar, supra; Edelman v. Edelman, 3 A D 2d 859). The institution of this action for declaratory judgment was necessitated for the purposes of having plaintiff’s marital status declared as such and, realistically, because a controversy arose when the director of Internal Bevenue attempted to assess a tax liability against plaintiff by reason of defendant’s claim that he was legally divorced from the plaintiff. She is therefore entitled to have her marital status declared so as to protect her rights respecting tax liabilities she may have, or will face, by reason of defendant’s colorable Mexican divorce decree.
The motion for summary judgment is therefore granted; findings will be made and a judgment entered declaring the invalidity of said purported divorce decree, adjudging that the marital relation between plaintiff and the defendant Daniel C. Buckley was not thereby terminated, and for the relief requested in the complaint (Wasserberger v. Wasserberger, supra).
Settle order and judgment.