George M. Fanelli, J.
This is an action by plaintiff wife for a separation. At the trial defendant conceded that he abandoned plaintiff and his sole and primary defense to the action is the fact that when the parties were married on September 29,1945, plaintiff already had a husband living. Defendant’s attack upon the validity of plaintiff’s Mexican divorce from her first husband is well taken. The record indicates beyond question that plaintiff’s divorce from her first husband was a Mexican ‘ ‘ mail order ’ ’ decree and under such circumstances the Mexican court had no jurisdiction of the parties nor of the subject matter. Such a decree is totally invalid for all purposes, including estoppel, and it is a clear legal nullity from which no rights of any kind spring (Caldwell v. Caldwell, 298 N. Y. 146; Matter of Rathscheck, 300 N. Y. 346; Hewitt v. Hewitt, 282 App. Div. 81; Matter of Alzmann v. Maher, 231 App. Div. 139; Rosenbaum v. Rosenbaum, 309 N. Y. 371; Imbrioscia v. Quayle, 278 App. Div. 144, affd. 303 N. Y. 841; Querze v. Querze, 290 N. Y. 13; Vose v. Vose, 280 N. Y. 779; Senor v. Senor, 272 App. Div. 306, affd. 297 N. Y. 800; Molnar v. Molnar, 131 N. Y. S. 2d 120; Wasserberger v. Wasserberger, 206 Misc. 461; Buckley v. Buckley, 10 Misc 2d 596). Accordingly, since plaintiff has failed to prove the existence of a valid marriage to defendant, *361 the complaint must be and the same is dismissed (Fischer v. Fischer, 254 N. Y. 463).
With respect to the disposition to be made of accrued arrears of temporary alimony, the record indicates that prior to this trial plaintiff moved to punish defendant for contempt and, pursuant to an order of Mr. Justice Gallagher dated October 23, 1958, the said application was granted and defendant was found guilty of contempt. The said order fined defendant the sum of $1,500 (“ the amount of the arrears to the return day of the motion ”) and defendant was allowed to purge himself of such contempt by paying the sum of $100 per week in addition to current alimony. A copy of said order was served on defendant at the commencement of the trial and simultaneously therewith plaintiff applied for the entry of judgment for said arrears.
It is obvious from the afore-mentioned that the proceedings taken by plaintiff to enforce the payment of the alimony pendente lite were taken before this trial commenced and prior to any judgment to be entered hereon.
Section 1171-b of the Civil Practice Act provides that the court in its discretion may make an order directing the entry of judgment for arrears in alimony or for such part thereof as justice requires, having regard to the circumstances of the respective parties (Oritzland v. Oritzland, 6 A D 2d 808). Under the facts in this case and in the exercise of its discretion, the court directs the entry of judgment against defendant for -the arrears of temporary alimony to the extent of $1,500 (Treherne-Thomas v. Treherne-Thomas, 267 App. Div. 509).
No costs are allowed to either party. Settle judgment and findings on notice.