GERTRUDE B. GOLDWATER, Respondent, *v.* LEO J. GOLDWATER, Appellant.

First Department, December 9, 1958.

*Irving D. Lipkowitz* of counsel (*Jesse Cohen* and *Lipkowitz & Plaut,* attorneys), for appellant.

*Abraham Kaufman* for respondent.

VALENTE, J. In this action brought by a wife against her husband, the plaintiff initially seeks a judgment declaring the invalidity of a Mexican divorce obtained by defendant in March, 1958, and declaring that the marriage between the parties is valid and subsisting. In a second cause, the complaint prays for a permanent injunction restraining defendant from remarrying in this State or elsewhere. The injunctive relief is sought on the basis of allegations that defendant's planned remarriage, if not restrained, will result in his assumption of an additional financial burden and thus diminish his ability to pay plaintiff alimony awarded to her by a decree of separation obtained in December, 1956. It is further alleged that a remarriage will otherwise place plaintiff's property rights in doubt and in jeopardy.

At Special Term, plaintiff moved for a temporary injunction and for a counsel fee. Defendant cross-moved to dismiss the

second cause of action for an injunction for insufficiency. Defendant now appeals from orders which granted plaintiff's motion for an injunction, *pendente lite,* awarded plaintiff a counsel fee of $500 and denied defendant's cross motion to dismiss the second cause of action.

Defendant's answering affidavit admits the invalidity of his Mexican divorce and asserts that he will not oppose plaintiff's action for a declaratory judgment.

In *Rosenbaum* v. *Rosenbaum* (309 N. Y. 371) the wife, who had obtained a decree of separation in New York, sued for an injunction to restrain her husband from continuing the prosecution of an action for divorce which he had commenced in Mexico. It was held that the complaint was properly dismissed since the threatened injury to the wife's property and status could be adequately protected by an action for declaratory judgment. Hence, there was no necessity for injunctive relief. The court per Froessel, J., said (p. 377): " If, in fact, defendant obtains a Mexican divorce and thereupon enters into a subsequent marriage, plaintiff need have no fear for her property rights and marital status under New York law (*Imbrioscia* v. *Quayle,* 278 App. Div. 144, affd. 303 N. Y. 841; *Goldstein* v. *Goldstein,* [283 N. Y. 146] *supra*). A simple action for declaratory judgment, when all the facts may be fully developed, is at all times available to her (see *Baumann* v. *Baumann,* 250 N. Y. 382; *Lowe* v. *Lowe,* 265 N. Y. 197), the expenses of which may be assessed against defendant (Civ. Prac. Act, § 1169-a)."

In principle, the reasons for a denial of an injunction to restrain the prosecution of an action to obtain a void Mexican divorce are equally compelling to deny similar relief to enjoin any prospective marriage following the acquisition of a void Mexican decree. The same considerations of injury to status and property rights which are now advanced by the plaintiff wife were unsuccessfully urged in *Rosenbaum* v. *Rosenbaum* (*supra*) and *Baumann* v. *Baumann* (250 N. Y. 382).

Since the wife may, without difficulty, maintain an action for declaratory judgment declaring the invalidity of a subsequent marriage or may, under section 1134 of the Civil Practice Act, sue to annul the second marriage, she has adequate remedies. There is no necessity for the drastic remedy of injunction.

The order denying defendant's cross motion to dismiss the second cause of action for an injunction, is reversed on the law, and the motion to dismiss is granted, without costs. The order which grants plaintiff's motion for an injunction *pendente lite* is modified on the law and in the exercise of discretion to the extent of denying the temporary injunction, and otherwise

affirmed, without costs. In our opinion, the award of counsel fees for the action for declaratory judgment is not excessive.

Botein, P. J., McNally, Stevens and Bergan, JJ., concur.

Order granting temporary injunction unanimously modified on the law and in the exercise of discretion to the extent of denying the temporary injunction, and as so modified, affirmed, without costs.

Order denying cross motion to dismiss unanimously reversed on the law, and the motion to dismiss granted, without costs.