Henry J. Latham, J.
The plaintiff seeks judgment declaring the nullity of a decree of divorce that the defendant procured against her in the First Civil Court, Bravos District, City of Juarez, State of Chihuahua, Republic of Mexico, and that she still is his lawful wife.
The parties were married in this State on October 5, 1937. There are two sons of this marriage, respectively 14 and 16 years of age.
In an action for a separation instituted by the plaintiff in this court in January, 1956, a judgment of separation, after trial, was entered in her favor on or about June 26, 1957.
In December, 1957, the defendant commenced an action for divorce against the plaintiff in Mexico. The plaintiff herein did not appear in that action. On January 3, 1958, however, a decree of divorce was entered against her by default.
The defendant, who is an attorney, conceded in his testimony that he went to Mexico specifically for the purpose of obtaining a divorce. He stayed there five weeks and returned to his former home in The Bronx, where he still resides. He went through a marriage ceremony with another woman in Prince Edward County, Virginia, on January 11, 1948, and since then has been living with her as husband and wife in Bronx County, City of New York.
It is well settled that in the absence of an appearance by a defendant sued for divorce in the courts of the Republic of Mexico, the resulting decree will not be recognized as valid if the plaintiff in the divorce action, though physically present in Mexico, was not in fact a bona fide domiciliary of Mexico at the time that the divorce decree was rendered. (Imbrioscia v. Quayle, 278 App. Div. 144, affd. 303 N. Y. 841.)
This court finds that the defendant herein did not, in fact, establish a bona fide domicile in Mexico sufficient to give the Mexican court jurisdiction to grant a decree of divorce. Consequently, the purported Mexican divorce decree did not dissolve defendant’s marriage with this plaintiff, who continued to be and still is his lawful wife.
Plaintiff’s application for a counsel fee, pursuant to section 1169-a of the Civil Practice Act, is granted in view of the reservation contained in the order of Honorable James C. Van Stolen dated May 19,1958. She is allowed the sum of $150.
Settle judgment on two days’ notice.