Irving L. Levey, J.
Plaintiff moves for summary judgment in this action, in which she seeks a judgment that she be declared the surviving spouse and legal widow of the late Walter Johannsen, a member of the Police Department of the City of New York, at the time of hi-s death, on July 25, 1958, while a resident of the County of Kings, New York City. Said plaintiff also prays for judgment establishing that she is entitled to receive certain death pension benefits from the Police Pension Fund, as such surviving spouse of said Walter Johannsen, and also seeks in this action that a Mexican decree of divorce obtained against the plaintiff by the late Walter Johannsen be declared null and void.
It appears that plaintiff was married to the deceased Walter Johannsen on October 8, 1928, in Brooklyn, New York City, and the sole issue of said marriage is Diane Joan Johannsen, bom on December 6,1933. Walter Johannsen was appointed a patrolman of the Police Department of the City of New York on May 1,1928, and his appointment was continuous in such capacity until the date of his death on July 25, 1958.
Apparently, Walter Johannsen obtained a Mexican decree of divorce against the plaintiff in the State of Morelos, Mexico, which became final in February, 1934. At no time was the deceased Walter Johannsen a resident of Mexico, nor did he appear in the Mexican divorce proceeding personally. Instead, he had executed a power of attorney to a Mexican lawyer to institute and prosecute the divorce action for him. Plaintiff did not appear in the said Mexican divorce proceeding personally, by power of attorney, or otherwise. It is obvious that the said Mexican court had no jurisdiction of the parties nor of the .subject matter. Such a decree, therefore, is totally invalid for all purposes, including estoppel, and is a nullity, from which no rights of any kind spring. (Caldwell v. Caldwell, 298 N. Y. *193 146; Matter of Rathscheck, 300 N. Y. 346; Newitt v. Newitt, 282 App. Div. 81; Matter of Alzmann v. Maher, 231 App. Div. 139; Rosenbaum v. Rosenbaum, 309 N. Y. 371; Imbrioscia v. Quayle, 278 App. Div. 144, affd. 303 N. Y. 841; Querze v. Querze, 290 N. Y. 13; Vose v. Vose, 280 N. Y. 779; Senor v. Senor, 272 App. Div. 306, affd. 297 N. Y. 800; Molnar v. Molnar, 131 N. Y. S. 2d 120; Wasserberger v. Wasserberger, 206 Misc. 461; Buckley v. Buckley, 10 Misc 2d 596; Faragasso v. Faragasso, 17 Misc 2d 360.)
The defendant Eleanor Johannsen alleges that on February 13, 1934, she was married to Walter Johannsen in Stroudsburg, Pennsylvania, after he obtained a Mexican decree of divorce in February, 1934 dissolving his marriage to the plaintiff, and that the said divorce proceeding was commenced with the full knowledge and consent of said plaintiff. Said defendant Eleanor Johannsen also alleges that the said Walter Johannsen now deceased designated in writing, on forms furnished by the Police Pension Fund, that she be the beneficiary of his Police Pension Fund benefits and that said designation was filed with the board of trustees of the said pension fund. No proof that this designation was ever filed in writing with the defendants, constituting the board of trustees of the Police Pension Fund, has been offered.
Although this motion is made on notice to the Corporation Counsel, the attorney for the defendants, the board of trustees of the pension fund, an answer by said board has not been submitted on this .application.
There appear to be no denials by the defendant, Eleanor Johannsen, capable of raising an issue for trial, nor are her defenses of laches and her alleged marriage, to the late Walter Johannsen, of any legal sufficiency.
Accordingly, plaintiff’s motion for summary judgment is granted to the effect that a judgment may be entered, declaring the purported Mexican divorce invalid, and it is further adjudged that the marital relationship between the plaintiff and Walter Johannsen was not terminated, and that the defendants, constituting the board of trustees of the Police Pension Fund, are directed to approve the application and petition of the plaintiff, for pension rights, as surviving spouse and legal widow of Walter Johannsen. Settle order and judgment.