Nathaniel T. Helman, J.
In this action for divorce, two issues have been submitted to this court for adjudication: (1) The validity of a decree of divorce rendered by the First Civil Court of the District of Bravos, State of Chihuahua, Republic of Mexico in favor of the present defendant and against the present plaintiff; and (2) the present marital status of the parties.
Concededly, the proceedings brought in the Mexican court by the defendant were completed without service of process on the present plaintiff, nor did the latter personally or through authorized attorney or representative, appear in such proceeding. To overcome the basic jurisdictional objections to the enforcibility of a decree so obtained, defendant sought to show that she had established a “valid domicile” in Mexico by offering evidence of her intent to establish a new and permanent residence in that country. She stated that during her six-week stay she sought work, took living quarters, and only because *994 of her inability to obtain employment, abandoned her ‘ ‘ domicile ” and returned to New York. Plaintiff on the other hand proved that by written lease executed by defendant as tenant, she had undertaken occupancy of an apartment in New York City for a two-year period extending nine months beyond the entry of the Mexican decree, and that rentals under the lease were paid by defendant until its expiration. Furthermore, defendant acknowledged that she was accompanied to Mexico in the first instance by a gentleman who returned with her to the United States on the date the decree was entered, July 13, 1959, and married her in the State of Georgia on that very day. To be sure, a marriage certificate offered by the plaintiff showed the marriage date to be July 7 instead of July 13, but even without this significant piece of evidence, sufficient doubt has been cast npon defendant’s intentions with respect to the establishment of a valid ‘ ‘ domicile ’ ’ in Mexico, to justify the court in adjudicating all of the factual issues in plaintiff’s favor.
It is by now well established that, in the absence of a personal or authorized appearance by defendant, a Mexican divorce decree obtained on the basis of plaintiff’s residence in conformity with Mexican procedures, is subject to attack and under proper circumstances may be declared a nullity (Rosenbaum v. Rosenbaum, 309 N. Y. 371). The presumptive legality which attaches to judgments of our sister States under the Federal Constitution does not extend to a foreign decree. The right to attack such a decree for failure of jurisdiction or upon the ground that it contravenes our public policy, has been repeatedly affirmed (Imbrioscia v. Quayle, 278 App. Div. 144, affd. 303 N. Y. 841; Katz v. Katz, 16 Misc 2d 653. In the case at bar, it is clear-that defendant’s appearance in Mexico was for the sole purpose of participating in the divorce proceeding, not for the purpose of residing there; she remained at all times a resident and domiciliary of New York State. As was said in the Rosenbaum case (pp. 375-376 supra): “ Thus under comity — as contrasted with full faith and credit — our courts have power to deny even prima facie validity to the judgments of foreign countries for policy reasons, despite whatever allegations of jurisdiction may appear on the face of such foreign judgments * * * [T]he recognition of a foreign country judgment is far less certain, the judgment itself is far more assailable and vulnerable, than sister State judgments, and is subject to a test of policy.”
Accordingly, plaintiff is entitled to a judgment declaring the Mexican divorce decree null and void, and reaffirming his status as the husband of defendant. Settle findings of fact and conclusions of law and judgment.