James J. Conroy, J.
Motion by plaintiff for an order striking out the affirmative defense and for partial summary judgment in favor of the plaintiff against the defendants on the first cause of action and for the entry of a money judgment.
In the first cause of action plaintiff seeks a judgment declaring (1) that the defendants are not husband and wife, (2) that plaintiff is the lawful wife of the defendant Abraham S. Weingast and (3) that the Mexican decree of divorce obtained by defendant Abraham against the plaintiff is invalid. In the second cause of action plaintiff asks for a separation and in the third cause of action she seeks to set aside a separation agreement.
It is not disputed that in January, 1960 defendant Abraham bought a round-trip ticket to Mexico, that he stayed there one day and then returned to New York where he resumed his employment, that plaintiff did not appear in the Mexican court and that she was not served with any papers. The affirmative defense is that defendant obtained a decree of divorce from a court of competent jurisdiction. It is apparent that the affirmative defense has no merit.
*190 It does not follow, however, that summary judgment can be granted in favor of the plaintiff. Subdivision 4 of rule 113 of the Rules of Civil Practice specifically provides that in matrimonial actions as there defined a motion for summary judgment can be made “ only on the basis of documentary evidence or official records which establish a defense to the action or counterclaim ’ ’. The definition of matrimonial actions includes an action ‘ ‘ for a judicial determination affecting the marital status ’ ’. Hence, summary judgment is not available to the plaintiff herein.
The case of Wasserberger v. Wasserberger (206 Misc. 461) was decided in 1954 under rule 113 as it then existed. The present rule 113 became effective March 1, 1959, at which time the old rule was rescinded. Hence the Wasserberger case is no longer hpplicable. Plaintiff’s motion for summary judgment' is denied.